

**U.S. Department of Justice**

Criminal Division

*950 Pennsylvania Avenue N.W., Room 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

May 15, 2024

<u>**VIA CM/ECF**</u>

Ms. Kelly L. Stephens, Clerk
Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-7000

    Re:   *United States v. Christopher Goins*, No. 23-5848
            <u>Oral argument held on March 21, 2024</u>
            (Gibbons, Bush, Murphy, JJ.)

Dear Ms. Stephens,

    The United States writes in response to Christopher Goins's letter regarding *United States v. Duarte*, No. 22-50048, 2024 WL 2068016 (9th Cir. May 9, 2024), in which a divided panel held that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to a defendant with five felony convictions. *Duarte* was wrongly decided, and yesterday the government filed a petition for rehearing en banc.

    This Court should not follow *Duarte*, which conflicts with the Eighth Circuit's decision in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), the Tenth Circuit's decision in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), and the Eleventh Circuit's decision in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024). Gov't Br. 15; Gov't 28(j) Letter (March 11, 2024); Gov't En Banc Petition at 14-15, *United States v. Duarte*, No. 22-50048 (9th Cir. May 14, 2024). *Duarte* is also in tension with the Seventh Circuit's recent decision in *United States v. Gay*, 98 F.4th 843, 846-47 (7th Cir. 2024), and goes beyond the Third Circuit's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc). Gov't En Banc Petition at 15-16.

*Duarte* did not consider whether this Court's pre-*Bruen* precedent remains binding, and the panel's analysis of Ninth Circuit precedent was erroneous for the reasons explained in the dissent and in the government's rehearing petition. *See Duarte*, 2024 WL 2068016, at *24-29 (M. Smith, J., dissenting); Gov't En Banc Petition at 7-8. And in reassessing Section 922(g)(1)'s constitutionality, the *Duarte* panel erroneously concluded that there are *any* constitutional applications of Section 922(g)(1)—let alone that the Second Amendment prohibits the government from disarming a person with Duarte's criminal history. *Id.* at 8-18.

As explained in the government's brief, this Court should apply its pre-*Bruen* precedent upholding Section 922(g)(1) under the Second Amendment. *See* Gov't Br. 8-15. Should this Court reconsider the question of Section 922(g)(1)'s constitutionality, *Bruen*'s text-and-history framework provides an additional reason to reject Goins's challenge to Section 922(g)(1). *See* Gov't Br. 16-46.

I would appreciate your assistance in distributing this letter to the panel.

                                        Respectfully submitted,

                                        /s/ Mahogane D. Reed
                                        MAHOGANE D. REED
                                        *Counsel for the United States*

## CERTIFICATE OF COMPLIANCE

1.  This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 349 words.

2.  This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Times New Roman.

/s/ Mahogane D. Reed<br>
Mahogane D. Reed

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Sixth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Mahogane D. Reed<br>
Mahogane D. Reed