# ROBERT L. ABELL
**ATTORNEY-AT-LAW**

P.O. Box 983
Lexington, KY 40588
Phone: 859.254.7076
Fax: 859.281.6541
Email: Robert@RobertAbellLaw.com
www.RobertAbellLaw.com

June 24, 2024

**Via CM/ECF**

Hon. Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. 5th St.
Cincinnati, OH 45202-7000

Re:   *United States v. Christopher Goins*, No. 23-5848
       Argued March 21, 2024
       (Gibbons, Bush, Murphy, JJ.)

Dear Ms. Stephens:

Appellant Christopher Goins submits this pursuant to FRAP 28(j) regarding the import of the Supreme Court's decision in *United States v. Rahimi*, No. 22-915, which came down last Friday, June 21, 2024.

*Rahimi* does not dictate a decision in this case. First, Goins was prosecuted for violating 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm on account of a prior felony conviction. *Rahimi* involved a prosecution for violating 18 U.S.C. § 922(g)(8), which prohibits possession of a firearm while subject to a domestic violence restraining order, provided that the restraining order, among other things, "includes a finding that such person represents a credible threat to the physical safety of [their] intimate partner or child[.]" 18 U.S.C. § 922(g)(8)(C)(i). Second and more importantly, while there had been a specific judicial finding that the defendant in *Rahimi* posed a credible threat to specific persons, there has been no similar finding as to Goins. Moreover, Goins was not found in possession of a firearm while engaged in some other misconduct or criminal activity. This is key since the Court observed in *Rahimi* that "our Nation's tradition of firearm regulation distinguishes citizens who have been found to pose a credible threat to the physical safety of others from those who have not." Slip op. at 15.

The Court in *Rahimi* clarified that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulation tradition." Slip op. at 7. "Why and how the regulation burdens the right are central to this inquiry." *Id.*

Two other points warrant mention. One is that the Court rejected "the Government's contention that Rahimi may be disarmed simply because he is not 'responsible.'" Slip op. at 17. The second is that the Court again cautioned that it was not offering an exhaustive historical analysis of the full scope of the Second Amendment. *Id.*

Respectfully submitted,

/s/ Robert L. Abell
Robert L. Abell
Counsel for Appellant

## Certificate of Compliance

1. This letter complies with the type-volume limitation of FRAP 28(j), because the body of this letter contains 312 words.

2. This letter complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Georgia font.

/s/ Robert L. Abell
Robert L. Abell

## Certificate of Service

I hereby certify that the foregoing was electronically filed with the Sixth Circuit's electronic filing system this 24th day of June 2024, that notice will be sent electronically by that system to All Counsel of Record.

/s/ Robert L. Abell
COUNSEL FOR APPELLANT