

**U.S. Department of Justice**

Criminal Division

*950 Pennsylvania Avenue N.W., Room 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

July 2, 2024

<u>**VIA CM/ECF**</u>

Ms. Kelly L. Stephens, Clerk
Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-7000

    Re:   *United States v. Christopher Goins*, No. 23-5848
         <u>Oral argument held on March 21, 2024</u>
         (Gibbons, Bush, Murphy, JJ.)

Dear Ms. Stephens,

    The United States writes in response to Christopher Goins's letter regarding *United States v. Rahimi*, No. 22-915, 2024 WL 3074728, *1 (June 21, 2024), in which the Supreme Court held that 18 U.S.C. § 922(g)(8)'s prohibition on firearm possession by an individual subject to a domestic violence restraining order is constitutional on its face and as applied to the respondent in that case. *Rahimi*'s reasoning supports the government's position that 18 U.S.C. § 922(g)(1)'s prohibition on firearm possession by felons is consistent with the Second Amendment.

    *Rahimi* held that Section 922(g)(8) is consistent with a "tradition of firearm regulation [that] allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Id.* at *10. In rejecting Rahimi's facial challenge, the Supreme Court explained that a restriction on firearm possession does not need to be "identical to one found in 1791." *Id*. at *6. Rather, "the appropriate analysis involves considering whether the challenged regulation is consistent with

the *principles* that underpin our regulatory tradition," even if it "does not precisely match its historical precursors." *Id.* (emphasis added). Where that is the case, the challenged law "may still be analogous enough to pass constitutional muster." *Ibid.*

*Rahimi* supports the government's position that Section 922(g)(1) is consistent with the Second Amendment. As discussed in the Government's brief (at 16-38), felony-punishment laws subjecting serious criminal offenders to death or estate forfeiture and laws disarming those whose firearm possession endangered society, among other historical evidence, show that the government may disarm individuals who have committed serious crimes or who would pose a danger to others if armed. Consistent with that principle, the Supreme Court in *Rahimi* reiterated its long-standing recognition that "prohibitions, like those on the possession of firearms by 'felons,'" are "presumptively lawful." *Id.* at *10 (quotation marks omitted).

Goins, whose felony convictions for recidivist drunk driving and drug possession strongly suggest that he might pose a danger to others if armed, *see* Gov't Br. 42-46) may be disarmed consistent with the Second Amendment. This Court should affirm the district court's judgment.

> Respectfully submitted,
>
> /s/ Mahogane D. Reed
> MAHOGANE D. REED
> *Counsel for the United States*

2

## CERTIFICATE OF COMPLIANCE

1.  This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 350 words.

2.  This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Times New Roman.

/s/ Mahogane D. Reed
Mahogane D. Reed

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2024, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Sixth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Mahogane D. Reed
Mahogane D. Reed