

U.S. Department of Justice

Criminal Division

*950 Pennsylvania Avenue N.W., Room 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

August 13, 2024

**VIA CM/ECF**

Ms. Kelly L. Stephens, Clerk
Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-7000

    Re:   *United States v. Christopher Goins*, No. 23-5848
            <u>Oral argument held on March 21, 2024</u>
            (Gibbons, Bush, Murphy, JJ.)

Dear Ms. Stephens,

    The government writes to inform this Court of two recent decisions upholding 18 U.S.C. § 922(g)(1) under the Second Amendment.

    In *United States v. Moore*, No. 23-1843, 2024 WL 3629416 (3d Cir. Aug. 2, 2024), the Third Circuit held that Section 922(g)(1) was constitutional as applied to a felon who possessed a firearm while on supervised release. The Third Circuit reached that conclusion by analogizing to founding-era forfeiture laws that "temporarily disarmed citizens who had committed a wide range of crimes." *Id*. at *3. The Third Circuit determined that those laws "yield the principle that a convict may be disarmed while he completes his sentence and … justifies applying § 922(g)(1)." *Id*. at *5.

    In *United States v. Jackson*, No. 22-2870, 2024 WL 3711155 (8th Cir. Aug. 8, 2024), the Eighth Circuit, on remand from the Supreme Court following *United States v. Rahimi*, 144 S. Ct. 1889 (2024), reaffirmed its prior decision upholding Section 922(g)(1) under the Second Amendment. The Eighth Circuit relied on the

Supreme Court's repeated "assurances"—that nothing in the Court's opinions "should be taken to cast doubt on longstanding prohibitions on the possession of firearm by felons," and that felon-dispossession laws are "presumptively lawful"—to uphold Section 922(g)(1). *Jackson*, 2024 WL 3711155, at *4 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2009)); *id*. at *7. The Eighth Circuit also relied on history to "conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id*. at *4. The Eighth Circuit found "considerable support in the historical record" for Congress's authority "to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society," as well as individuals who present a risk of danger. *Id*. at *6

    *Moore* and *Jackson* support the government's position in this case. Under *Jackson*'s reasoning, Section 922(g)(1) is constitutional in all of its applications, including as applied in this case. *See* Gov't Br. 42-47. And because Goins was on probation when he committed the underlying offense, disarming him is consistent with the Second Amendment under the reasoning of *Moore*.

                                        Respectfully submitted,

                                        /s/ Mahogane D. Reed
                                        MAHOGANE D. REED
                                        *Counsel for the United States*

## CERTIFICATE OF COMPLIANCE

1. This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 350 words.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Times New Roman.

/s/ Mahogane D. Reed
Mahogane D. Reed

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2024, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Sixth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Mahogane D. Reed
Mahogane D. Reed